Penny L. Koepke
Maxwell & Morgan, P.C.
4854 E. Baseline Rd., Suite 104
Mesa, AZ 85206
Tel: (480)833-1001
Fax: (480)969-8267
pkoepke@hoalaw.biz

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. |
| v. | **CLASS ACTION COMPLAINT** |
| Rescue One Lending, Inc., a California corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

1. Plaintiff Brenda Whittaker ("Whittaker" or "Plaintiff") brings this Class Action Complaint against Rescue One Lending, INC ("Rescue One" or "Defendant") to: (1) stop Defendant's practice of placing calls using an "automatic telephone dialing system" ("ATDS") and/or using an "artificial or prerecorded voice" to the cellular telephones of consumers nationwide without their prior express consent and (2) obtain redress for all persons injured by Defendant's conduct. Plaintiff also seeks an award of statutory damages to the members of the Classes, plus court costs and reasonable attorneys' fees as set forth herein.

2. Plaintiff, for her complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

1

3. The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), and its implementing regulations, 47 C.F.R. §64.1200, *et seq.*, prohibit companies, such as Defendant, from placing calls using an ATDS ("autodialed calls") and/or using "an artificial or prerecorded voice" ("prerecorded calls") to cellular telephones without first obtaining prior express consent. In this case, Rescue One has violated, and continues to violate, the TCPA and its regulations, by placing autodialed and/or prerecorded calls to telephone subscribers who have not provided prior express consent to receive such calls.

4. In an effort to obtain leads for its services, Rescue One made (or directed to be made on its behalf) autodialed and/or prerecorded telemarketing calls to the cellular telephones of Plaintiff and other members of the putative classes without first obtaining express consent to do so—all in violation of the TCPA.

5. The TCPA was enacted to protect consumers from unauthorized calls exactly like those alleged in this Complaint—autodialed and/or prerecorded calls placed to cellphone numbers without each consumer's prior express written consent.

6. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Classes actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. Defendant also caused substantial injury to their phones by causing wear and tear on their property, consuming battery life, and appropriating cellular minutes and data.

**PARTIES**

7. Plaintiff Whittaker is a natural person over the age of eighteen (18) who resides in Cottonwood, Yavapai County, Arizona.

2

8. Defendant Rescue One Lending, Inc. is a corporation organized in and existing under the laws of the State of California, with its principal place of business located at 16842 Von Karman Avenue, Irvine, California 92606.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, a federal statute. This Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Classes consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

10. This Court has personal jurisdiction over Rescue One because it solicits significant business in this District, has entered into business contracts in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant solicits a significant amount of consumer business within this District, and because a portion of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON ALLEGATIONS OF FACT

12. Defendant Rescue One is a purported financial services company that provides capital primarily to small businesses.

13. Unfortunately for consumers, Rescue One casts its marketing net too wide. That is, in an attempt to promote its financial services business and to generate leads for its financial products Defendant conducted (and continues to conduct) a wide scale telemarketing campaign that features the repeated making of unsolicited autodialed and/or pre-recorded calls to

3

consumers' telephones, including their cellular telephones, all without any prior express consent to make these calls.

14. Defendant places these calls to telephones using an ATDS without consumers' prior written express consent in violation of the TCPA.

15. At no time did Defendant obtain prior express consent from the Plaintiff and the Classes to receive prerecorded calls and/or autodialed telephone calls.

16. In making the phone calls at issue in this Complaint, Defendant and/or its agent utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant and/or its agents has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously, without human intervention.

17. Defendant knowingly made, and continues to make, telemarketing calls without the prior express consent of the recipients. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

18. To the extent a third party made calls on behalf of Rescue One, Rescue One knew about the calls, received the benefits of the calls, directed that the calls be made, and ratified the calls.

## FACTS SPECIFIC TO PLAINTIFF

19. Plaintiff Whittaker is the owner and customary user of a personal cellular telephone number ending in 9679.

20. In or around January 2018, Plaintiff Whittaker has been receiving prerecorded telemarketing calls on her cellular telephone offering services from Rescue One, which purported to solicit Whittaker to purchase Defendant's products and/or services.

4

21. Plaintiff Whittaker never consented to receive prerecorded and/or autodialed calls from Rescue One or any of its affiliates or agents. Further, Plaintiff does not have any prior relationship with Defendant.

22. Plaintiff has received telephone calls from the following number belonging to Rescue One: 602-730-0749.

23. Plaintiff does not have a relationship with Defendant, has never provided her telephone number directly to Defendant, and has never requested that Defendant place prerecorded and/or autodialed calls to her or offer her its products or services. Simply put, Plaintiff has never provided any form of prior express consent to Defendant to place prerecorded and/or autodialed calls to her and has no business relationship with Defendant.

24. Defendant was, and is, aware that the above described prerecorded and/or autodialed calls were made to consumers like Plaintiff who have not consented to receive them.

25. By making unauthorized prerecorded and/or autodialed calls as alleged herein, Rescue One has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, and the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing they trespassed against and interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their cellphones, including the related data, software, applications, and hardware components.

26. To redress these injuries, Plaintiff, on behalf of herself and the Classes of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited prerecorded and/or autodialed calls to telephones. On behalf of the Classes, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized prerecorded and/or autodialed calling activities

(plus corresponding declaratory relief) and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and the Class defined as follows:

> **No Consent Class**: All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendant, or a third person acting on behalf of Defendant, called; (3) on the person's cellular telephone; (4) for the purpose of selling Defendant's products and services; (5) using an automatic telephone dialing system and/or a pre-recorded voice; and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call the Plaintiff.

28. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the Class Definition following appropriate discovery.

29. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed pre-recorded calls to thousands of consumers who fall into the definition of the Class. However, the exact number of members of the Class can only be identified through Defendant's records.

30. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

6

31. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

32. **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Defendant systematically made telephone calls to cellphone owners who did not previously provide Defendant and/or its agents with their prior express consent to receive such phone calls;

    (c)    Whether Defendant made the calls with the use of an pre-recorded voice message;

    (d)    Whether Defendant made the calls with the use of an automatic telephone dialing system; and

    (e)    Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

33. **Conduct Similar to the Class as a Whole:** Rule 23(b)(2) certification is warranted because Defendant has acted or refused to act (and continues to so act) on grounds generally applicable to the Class as a whole and hasn't treated any particular Class Member differently. As such, injunctive relief and corresponding declaratory relief are warranted.

34. **Superiority & Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden

and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

### CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*
(On behalf of Plaintiff and the No Consent Class)**

35. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

36. Defendant made unsolicited and unwanted telemarketing calls to cellular telephone numbers belonging to Plaintiff and the other members of the No Consent Class, without their prior express written consent in an effort to generate leads for Defendant's loans and other financial products and services.

37. Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
>
> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

38. Further, Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number

8

generator, and/or to receive and store lists of phone numbers, and to dial such numbers, *en masse*, simultaneously and without human intervention. Defendant further made calls using a prerecorded voice.

39. By making unsolicited telephone calls to Plaintiff and members of the Class's cellular telephones without prior express consent, and by utilizing a pre-recorded voice message and/or ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

40. As a result of Defendant's unlawful conduct, Plaintiff and the members of the No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

41. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Brenda Whittaker, on behalf of herself and the class, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff Whittaker as the representative of the Classes, and appointing her counsel as Class Counsel;

B. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA;

      D.     A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

      E.     An injunction requiring Defendant to cease all unsolicited pre-recorded calling activities, and otherwise protecting the interests of the Class;

      F.     An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

      G.     An award of treble damages if willfulness is show; and

      H.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: August 13, 2018

**BRENDA WHITTAKER**, individually and on behalf of all others similarly situated,

By: _s/ Penny L. Koepke_
One of Plaintiff's Attorneys

Penny L. Koepke
Maxwell & Morgan, P.C.
4854 E. Baseline Rd., Suite 104
Mesa, AZ 85206
Tel: (480)833-1001
Fax: (480)969-8267
pkoepke@hoalaw.biz

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809
Attorneys for Plaintiff and the Classes
* *Pro Hac Vice admission to be sought*